FILED
2008 AUG -4 PM 2:17
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LIAM ZOCH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>S.D. COUNTY SHERIFF'S MEDICAL,<br><br>　　　　　Respondent. | Civil No.  08cv1130 J (AJB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis.

## FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims: "GBDF's medical is toying with my medications by overmedicating my dosages are- very high. Also the psychiatrist have not treated my treatment; need and are under (A.D.A.) of America. Anxiety levels need dedicated treatment by a professional Psychiatrist, and a medical orthopedic

1  & neurologist that treats my arthritis, and pains is suffer daily. D.D. A. a client of the Regional
2  Center. Civil Right in violation 42 [1983] 8th 14th inadequate medical procedures." (Pet. at 3-
3  4.) Petitioner's claim is not cognizable on habeas because it does not challenge the
4  constitutional validity or duration of confinement. See 28 U.S.C. § 2254(a); Preiser v.
5  Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994).
6  "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum,
7  376 F. Supp. 284, 285 (D. Ariz. 1974).
8        In no way does Petitioner claim his state court conviction violates the Constitution or laws
9  or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for
10 summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
11 any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4,
12 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled
13 to federal habeas relief because he has not alleged that the state court violated his federal rights.
14       Challenges to the fact or duration of confinement are brought by petition for a writ of
15 habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are
16 brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500.
17 When a state prisoner is challenging the very fact or duration of his physical imprisonment, and
18 the relief he seeks is a determination that he is entitled to immediate release or a speedier release
19 from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the
20 other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional
21 challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at
22 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). It
23 appears that Petitioner challenges the conditions of his prison life, but not the fact or length of
24 his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.
25 //
26 //
27 //
28 //

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** Petitioner's case without prejudice for his failure to 1) pay the $5 filing fee or request to proceed in forma pauperis, and 2) state a cognizable habeas corpus claim.  **The Clerk of Court is directed to send Petitioner a blank Civil Rights, 42 U.S.C. § 1983 form.**

IT IS HEREBY ADJUDGED THAT JUDGMENT BE ENTERED DISMISSING THE PETITION AND THE ACTION.

IT IS SO ORDERED.

DATED: 8-1-08

HON. NAPOLEON A. JONES, JR.
United States District Judge